# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

RECEIVED
2017 MAY 26  P 3: 41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| KRISTOPHER FROST, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO.: 3:17-CV-344 |
| | ) **JURY DEMAND** |
| NORTH AMERICAN CAPACITY INSURANCE COMPANY, | ) |
| Defendant. | ) |

**COMES NOW** the Plaintiff and files this complaint against the Defendant for injuries and damages and would show unto the Court as follows:

## STATEMENT OF THE PARTIES

1. Plaintiff Kristopher Frost is an individual, over the age of majority, who currently resides in Atlanta, Cobb County, Georgia. At all times relevant hereto, Plaintiff resided in Lee County, Alabama.

2. Based on information and belief, at all times relevant hereto, Defendant North American Capacity Insurance Company (hereinafter "North American"), a subsidiary of Westport Insurance Company, was a foreign corporation organized under the laws of the state of New Hampshire. Westport Insurance Company operates as a subsidiary of Swiss Re Corporate Solutions Global Markets, Inc. Defendant North American can be served with a copy of the summons and complaint as follows: North American Capacity Insurance

Company, Attn: President Mark Haydukovich, 650 Elm Street, 6th Floor, Manchester, NH 03101-2524.

## JURISDICTION AND VENUE

3. Pursuant to 28 USC Sec 1332(a) et seq., jurisdiction is proper in this Court as complete diversity exists between the parties.

4. This action is properly before this Court because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, which is greater than this Court's jurisdictional threshold.

5. Pursuant to 28 USC Sec 1391 et seq., venue is proper in this district and division as a substantial part of the events or omissions giving rise to the claim or claims occurred herein.

6. As detailed herein, sufficient minimum contacts exist to support this Court exercising personal jurisdiction over North American.

## FACTUAL ALLEGATIONS

7. Auburn University is a public four-year university located in Lee County, Alabama. Auburn University is a member of the Southeastern Conference, Division I, of the National Collegiate Athletic Association ("NCAA"). The Auburn Tigers are the athletic teams representing Auburn University.

8. On January 18, 2011, Plaintiff committed to Auburn University. While attending Auburn University, Frost, 6'2" and 240 pounds, became a star

Auburn Tiger football player in the position of linebacker. After the 2014 college football season, Plaintiff was named as an exceptional student-athlete by the NCAA. This designation by the NCAA encouraged Frost to forego entry in the 2015 National Football League ("NFL") draft, where he was projected to be an early round pick, and return to Auburn for the 2015 college football season. The NCAA designation and ability to purchase loss of value and disability insurance coverage are indispensible to the function of NCAA football and incentivize student-athletes to continue their education despite the availability of an immediate, large payoff in the NFL.

9. However, after much consideration, rather than enter the 2015 NFL Draft, Plaintiff returned to Auburn University for the 2015 college football season.

10. Aware of the risk of injury on the football field, and for the purpose of protecting himself from any detrimental financial consequences therefrom, Plaintiff submitted an application for insurance coverage and was ultimately issued a policy of insurance; Policy Certificate # COH100024200 (the "Policy"). The Policy was effective from September 1, 2015 through August 1, 2016 (the "Policy Period"), which included the 2015 college football season. The Policy provides benefits for loss of value and permanent total disability in the amounts of $2,000,000.00 and $2,000,000.00, respectively. A true and

correct copy of the Policy is attached as Exhibit "A" hereto and is incorporated herein by reference.

11. Based on information and belief, at all times material hereto, Defendant North American was a non-admitted insurer. As a non-admitted insurer, Defendant North American was relieved of the requirement of obtaining the approval of the state insurance commissioner and unburdened with the need to comply with the state's insurance regulations.

12. On the last page of the Policy, North American is designated as the issuing Company. This page also contains the purported signature of Robert Solitro, who is the President of North American.

13. The Policy contains provisions, which are commonly referred to as "clawback" provisions. These provisions are buried in the "Claims Procedures" section of the policy where no ordinary policyholder would expect to find such exclusionary or limiting language. When compared to the other provisions in this section, the clawback provisions are not of the same substance.

14. At all times pertinent hereto, Defendant was aware that Plaintiff was a student-athlete at Auburn University. He is specifically identified as an Auburn football player on the Sports Insurance Proposal Form (the "Application").

15. Plaintiff avers that prior to the issuance of the Policy, he was solicited by Defendant for the express purpose of selling disability insurance to him.

Plaintiff avers Defendant purposefully pursued him at Auburn University, where he was a student-athlete, as a prospect for purchase of the Policy.

16. Plaintiff avers that Defendant solicited him to purchase the Policy which is at issue in this cause. Plaintiff avers this solicitation was accomplished via social media, the internet, electronic mail and telephone contact with Plaintiff and Auburn University, with all communications directed to Plaintiff and Auburn University.

17. Plaintiff avers that when he was solicited by the Defendant, Defendant represented to Plaintiff the Policy coverage would protect him from any negative financial consequences due to any injuries sustained within the Policy Period. Prior to purchase of the Policy, Plaintiff informed the Defendant that he was purchasing the Policy to ensure protection due to football related injuries. In other words, Plaintiff avers that he believed, and was led to believe, by the Defendant that the Policy would provide benefits if he was injured upon resuming his college football career rather than entering the 2015 NFL Draft.

18. As a student-athlete, Plaintiff was required to comply with NCAA regulations. Accordingly, in conjunction with the completion of the Application and approval of the Policy, Defendant worked with the Auburn University Compliance Department to ensure all regulations were followed. Furthermore, Plaintiff obtained approval of a Business Loan Agreement, the proceeds of

which were used to pay the Policy premiums. Some of the documents associated with the Business Loan Agreement, including the Collateral Assignment Form, were signed and witnessed by an officer of the Auburn University Compliance Department, with the knowledge and consent of Defendant.

19. Plaintiff alleges that the solicitation, approval and the Application for coverage under the Policy were done in conjunction with, and with the approval of, the NCAA Compliance Office at Auburn University and Ronnie Kaymore, the CEO of Kaymore Sports Risk Management & Consulting.

20. Unfortunately, upon his return to Auburn University, Plaintiff sustained a number of football related injuries during the Policy Period. Plaintiff alleges that these injuries prevented him from participating in the East-West Shrine Game and the Senior Bowl, both of which are college football all-star games that attract scouts and coaches from all NFL teams. Although Plaintiff participated in the NFL Combine, due to his injuries, he did not perform well. As a result, Plaintiff was not drafted in the NFL and has not been signed by any NFL team.

21. On January 26, 2017, via facsimile and certified mail, Plaintiff sent a Notice of Injury to Defendant through International Specialty Insurance, Inc. (hereinafter "International") therein making a claim for benefits under the Policy (the

"Notice of Injury"). The Notice of Injury also requested all documents related to the Policy, including the complete application, any condition or other acceptance of coverage, and a certified copy of any applicable Policy. On January 26, 2017, Defendant received the Notice of Injury by facsimile. On February 3, 2017, Defendant received the Notice of Injury by certified mail. A true and correct copy of the Notice of Injury is attached hereto as Exhibit "B" and is incorporated herein by reference.

22. On February 15, 2017, via facsimile and certified mail, Plaintiff sent a second letter to Defendant through International stating he had received no response, nor the requested documents (the "Second Notice of Injury"). On February 15, 2017, Defendant received the Second Notice of Injury by facsimile. On February 21, 2017, Defendant received the Second Notice of Injury by certified mail. A true and correct copy of the Second Notice of Injury is attached hereto as Exhibit "C" and is incorporated herein by reference.

23. Pursuant to the terms of the Policy, on January 26, 2017 and February 15, 2017, Plaintiff placed Defendant on notice of his injury. Contrary to the terms of the Policy, Defendant has provided no response to the Notices of Injury, nor has Defendant provided the requested documents.

24. It has been more than one hundred and twenty days since Defendant received the Notice of Injury from Plaintiff and the Defendant has not offered any type

of response in any form or fashion. The Defendant has wrongfully failed to investigate the claim presented by the Plaintiff.

25. Plaintiff alleges the Defendant has failed to provide benefits to the Plaintiff as the Defendant is obligated pursuant to the terms of the Policy.

26. Plaintiff depended on Defendant to advise him as to these matters because of its superior knowledge and position.

27. Plaintiff avers that the Defendant had a duty to disclose the material fact that the Policy purchased by the Plaintiff would not provide the coverage as represented by the Defendant. Defendant failed to disclose or concealed this fact from the Plaintiff.

28. Plaintiff alleges that Defendant fraudulently concealed or suppressed certain material facts that proximately caused damages to the Plaintiff.

29. Based on the representations, assurances, misrepresentations, and concealment by Defendant, Plaintiff changed his position as follows: purchased the Policy rather than securing the desired coverage with another insurance company; indebted himself in order to pay the necessary premium amounts; remained at Auburn University instead of entering the 2015 NFL Draft where he was expected to be an early round pick resulting in an immediate and large payoff in the NFL.

30. Plaintiff alleges that due to the football related injuries, and the Defendant's wrongful failure to provide benefits pursuant to the terms of the Policy, the Plaintiff has suffered damages which include as follows: Plaintiff paid payments on an insurance policy that was not as promised; Plaintiff lost the value of the payments; Plaintiff lost interest on the payments; Plaintiff did not have the Policy that was promised; Plaintiff did not receive the benefits as promised; Plaintiff incurred debt to make premium payments on the Policy; Plaintiff lost the opportunity to secure the desired coverage elsewhere; Plaintiff has suffered mental anguish and emotional distress and will continue to do so; and, Plaintiff was otherwise injured and damaged.

31. Plaintiff alleges Defendant entered into a pattern and/or practice of fraudulent conduct, which included the fraud practiced on the Plaintiff.

32. Plaintiff alleges the conduct by Defendant was intentional, gross, wanton, malicious and/or oppressive.

33. Plaintiff discovered the fraud within two (2) years of the filing of this lawsuit.

## COUNT ONE

34. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out fully herein.

35. At all times herein, Defendant was under a contractual obligation to fulfill the terms of the Policy.

36. Defendant breached the contractual obligations by failing to or refusing to provide the benefits due to the Plaintiff pursuant to the terms of the Policy.

37. As a proximate consequence of Defendant's breach, Plaintiff was injured and damaged as alleged herein.

**WHEREFORE**, Plaintiff seeks all compensatory damages and punitive damages against the Defendant in an amount which exceeds the jurisdictional limit of this Court and to be determined by the trier of fact, plus costs, pre-judgment and post-judgment interest and other relief to which Plaintiff is entitled by law.

## COUNT TWO

38. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out fully herein.

39. At all times material hereto, Defendant wrongfully and fraudulently failed to disclose or suppressed material facts.

40. As a result thereof, Plaintiff was injured and damaged as alleged herein.

**WHEREFORE**, Plaintiff seeks all compensatory damages and punitive damages against the Defendant in an amount which exceeds the jurisdictional limit of this Court and to be determined by the trier of fact, plus costs, pre-judgment and post-judgment interest, and other relief to which Plaintiff is entitled by law.

## COUNT THREE

41. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out fully herein.

42. As detailed herein, Defendant innocently, recklessly, negligently or wantonly made the aforementioned misrepresentations and/or concealed the material facts.

43. As a proximate consequence, Plaintiff was injured and damaged as alleged herein.

**WHEREFORE**, Plaintiff seeks all compensatory damages and punitive damages against the Defendant in an amount which exceeds the jurisdictional limit of this Court and to be determined by the trier of fact, plus costs, pre-judgment and post-judgment interest, and other relief to which Plaintiff is entitled by law.

## COUNT FOUR

44. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out fully herein.

45. At all material times herein, Defendant was under a duty to use good faith in handling Plaintiff's claim. In every contract there an implied at law covenant of good faith and fair dealing. This covenant provides that neither party will interfere with the rights of the other to receive the benefits of the agreement.

46. Defendant has intentionally, and in bad-faith, failed and refused to perform pursuant to the terms of the Policy.

47. As a proximate consequence, Plaintiff was injured and damaged as set forth herein.

**WHEREFORE**, Plaintiff seeks all compensatory damages and punitive damages against the Defendant in an amount which exceeds the jurisdictional limit of this Court and to be determined by the trier of fact, plus costs, pre-judgment and post-judgment interest, and other relief to which Plaintiff is entitled by law.

## COUNT FIVE

48. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out fully herein.

49. At all times herein, Defendant was under a contractual obligation to fulfill the terms of the Policy.

50. Defendant breached the contractual obligations by failing and/or refusing to provide the benefits due to the Plaintiff pursuant to the terms of the Policy.

51. Defendant failed to or refused to investigate the claim or claims of the Plaintiff.

52. As a result of the foregoing conduct engaged in by Defendant, Defendant is guilty of bad faith failure to investigate Plaintiff's insurance claim.

**WHEREFORE**, Plaintiff seeks all compensatory damages and punitive damages against the Defendant in an amount which exceeds the jurisdictional limit

of this Court and to be determined by the trier of fact, plus costs, pre-judgment and post-judgment interest, and other relief to which Plaintiff is entitled by law.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully Submitted,

Walton Law Firm, P.C.

BY: */s/ Valerie Rucker Russell*
Valerie Rucker Russell (RUS038)
Will O. Walton, III (WAL046)
1710 Catherine Court, Suite B
Auburn, Alabama 36830
Telephone: 334-321-3000
Facsimile: 334-321-3007
COUNSEL FOR PLAINTIFF

Please serve a copy of the Summons and Complaint by Certified Mail, Return Receipt Requested as follows:

North American Capacity Insurance Company
Attn: President Mark Haydukovich
650 Elm Street, 6th Floor
Manchester, NH 03101-2524